EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL GLYNN YOUNG,

    PLAINTIFF,

VS.

BERNHARD, MCC, LLC,

    DEFENDANT.

CIVIL ACTION NO. _____
JURY DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, Michael Glynn Young, (hereinafter "Michael" or "Michael Young"), by and through counsel, and states unto this Honorable Court as follows for his Complaint against the Defendant, Bernhard, MCC, LLC:

### I. JURISDICTION

1. This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000(e)(5)(f) for his claims based on Title VII of the Civil Rights Act of 1964.

### II. NATURE OF CLAIM

2. Plaintiff Michael Young has sued the Defendant Bernhard MCC, LLC, for violations of Title VII of the Civil Rights Act of 1964 which forbids employment discrimination based on "race, color, religion, sex, or national origin." *42 U.S.C. § 2000(e)(2)(a)*. In addition, Michael has sued based on the anti-retaliation provision of Title VII which reads "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed a practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this

1

subchapter." *42 U.S.C. § 2000(e)(3)(a)*. Michael Young's claims involve the discrimination and sexual harassment of Michael's son, Robert Young, who also worked for the Defendant. Michael's son was sexually harassed by his co-workers and reported it to his supervisors. The Defendant refused to address the ongoing discrimination and harassment despite it being reported. The claim also involves Michael's immediate firing because of his reporting and opposing his son's sexual harassment.

3. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964 at 42 U.S.C. §2000(e)(5)(f)(3) have occurred or been complied with. A charge of employment discrimination was filed with the Equal Opportunity Commission ("EEOC") within the requisite timeframe, and a Notification of the Right to Sue has been received from the EEOC.

### III. PARTIES

4. The Plaintiff, Michael Glynn Young, is an adult citizen and resident of Hardin County, Tennessee.

5. Defendant, Bernhard MCC, LLC (hereafter "Defendant"), is incorporated in Delaware, and it is registered to do business in the State of Tennessee and is doing business in the State of Tennessee. At times relevant to this Complaint, Defendant was doing business in the Middle District of Tennessee. Defendant's registered agent in Tennessee is CT Corporation Systems located at 300 Montvue Road, Knoxville, TN, 37919-5546.

### IV. FACTS

6. Both Plaintiff Michael Young and his son, Robert Young, worked for Defendant Bernhard MCC, LLC until their simultaneous discharge on the afternoon of August 15, 2018.

7. Michael and Robert Young were employed by Defendant at the Defendant's Clarksville jobsite ███████████████████████████████████
███████████████████████████████.

2

8. Michael Young's job for the Defendant consisted of being a quality control inspector, which required him to approve the welding of ▇ critical pipe junctures. Many of these welds were being done improperly with the knowledge of Michael's supervisors. Michael refused to approve the defective welds because the defective welds could cause ▇ ▇ catastrophic consequences. He believed approving the defective welds would be a violation of homeland security laws or regulations.

9. In July of 2018, Michael Young's son, Robert Young, began working at the Clarksville job site as a sheet metal helper.

10. During Robert Young's employment, Robert was subjected to intimidating and humiliating sexual harassment and sexual assault.

11. Robert reported the sexual harassment and assault to his supervisors, Al Baker, Corey Miller, and Scott Smith, but they refused to stop it.

12. Robert made one of his reports of sexual harassment and assault on August 7, 2018, and in response, the next day, Scott Smith had Robert written up for pretextual reasons.

13. When Defendant did not address Robert's reports of sexual assault and harassment, Robert Young told his father, Michael Young, that the sexual harassment was continuing and getting worse, even though he had reported it.

14. On or about the morning of August 15, 2018, Robert again experienced sexual harassment. Robert told his father Michael, and Michael encouraged him to report it again in detail and drove him to the office in Michael's buggy.

15. Robert went to the office and reported his sexual harassment in a thirty-minute conversation with Chrystin Draughon, the Project Administrator. Scott Smith came into the office during Robert's conversation with Draughon, and Robert again reported the sexual harassment to Smith. During that conversation, Robert explained that what he was experiencing was not routine horseplay but was deliberate, humiliating, and intimidating sexual harassment, which included sexual assault. Nevertheless, Smith said

3

that this was "construction" and stated words to the effect that he would just have to get used to it.

16. Right after the report on August 15th, Robert told his father that Scott Smith said he was not going to do anything about it.

17. In the afternoon of August 15, 2018, after learning from his son that the sexual harassment was continuing and that the local management refused to stop it, Michael resolved that he would stop it. Michael called a number found in the Defendant's handbook. Michael spoke with the Defendant's home office in New Orleans and reported the sexual harassment that his son was experiencing. He was told that they would take care of it immediately.

18. Within thirty minutes to an hour after Michael reported his son's sexual harassment to the home office, both Michael and Robert were fired.

19. When Michael Young was fired, Michael was taken off the jobsite beyond the fence. Michael asked if he was being fired because of the report of the sexual harassment to the home office, and Justin Wiser told him "Yeah, that's about it," or words to that effect.

20. Simultaneously or shortly thereafter, Scott Smith called Robert Young off the jobsite and fired him. Smith was the supervisor that Robert had reported the sexual harassment to about two hours earlier. Smith was also the supervisor who refused to do anything about the sexual harassment. The only reason that Smith gave for the firing was that "it was not working out."

21. After being fired, Michael Young walked to the main gate to pick up his tools and sign a separation paper. While at the main gate, his son Robert appeared and told him that he too had been fired.

22. Michael and Robert talked to John Jennings, Pipe Supervisor, and the Safety Man and told them what happened. Jennings told the Youngs that they should write a statement about their firing and call the police. Jennings also said that the reporting of the

4

defective welds probably played a big part in Michael's firing and that he should put that in his statement.

23. Since there was no place to write, both Michael and Robert filled out statements on the hood of Michael's truck about the firing with Robert's statement being primarily about the sexual harassment and Michael's about the defective welds.

24. At or about the same time, Michael and Robert called the police and reported the sexual assault and harassment.

25. After both Michael and Robert were fired, the Defendant conducted a half-hearted investigation of the sexual harassment claims. Nevertheless, the Defendant found undeniable evidence of sexual harassment and fired the sexual harasser, euphemistically labeling the sexual harassment and assault as "use of inappropriate and offensive language." This was a cover-up of the sexual harassment.

26. Despite the fact that the Defendant found that Robert Young's co-workers had sexually harassed him and that Robert and Michael's firing was retaliatory for reporting the sexual harassment, the Defendant continued its cover-up by failing to offer re-employment to Michael and Robert.

## V. CAUSES OF ACTION -- TITLE VII CLAIMS

27. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(2), Plaintiff Michael Young sues for employment discrimination based on sexual harassment and hostile work environment. Moreover, Plaintiff Michael Young also sues for violations of the anti-retaliation provision under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)(3)(a) because of the retaliation he experienced when he opposed the unlawful employment practices of sexual harassment/hostile work environment that his son experienced.

5

Case 3:20-cv-00362   Document 1   Filed 04/28/20   Page 5 of 6 PageID #: 5
Case 3:20-cv-00362   Document 1   Filed 04/28/20   Page 5 of 6 PageID #: 51

## VI. DAMAGES

28. Plaintiff Michael Young has been greatly damaged as a result of the Defendant's actions. He has suffered, and will continue to suffer, damage including, but not limited to, loss of his professional and personal reputation, loss of income and earning capacity, loss of business opportunity, pain and suffering, and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michael Young prays:

A. That proper process issue and be served upon the Defendant, and that the Defendant be required to appear and answer this Complaint within the time required by law;

B. That a jury be empaneled to hear Michael's claims against the Defendant;

C. That Michael Young be awarded a judgment against the Defendant in the amount of $250,000 in compensatory damages;

D. That Michael Young be awarded reasonable attorney's fees as authorized by 42 U.S.C. § 2000(e)(5)(k);

E. That the costs of this action be awarded to Michael; and

F. Such further and other general relief to which Michael Young may be entitled, which may include, but not be limited to, front pay, lost benefits, injunction, reinstatement, and other types of relief authorized by Section 706(g) of the Civil Rights Act of 1964.

Respectfully submitted,

SPRAGINS, BARNETT & COBB, PLC

BY: /s/Charles H. Barnett, III
Charles H. Barnett, III -- 008721
Sara E. Barnett -- 021379
Charles H. Barnett, IV -- 37107
Attorneys for Plaintiff Michael Young
P.O. Box 2004, Jackson, TN 38302
(731) 424-0461
cbarnett@spraginslaw.com
sarabarnett@spraginslaw.com
chb4@spraginslaw.com

6